Steven H. Haney, SBN 121980
Kenneth W. Baisch, SBN 115404
George Hill, SBN 265228
**HANEY & SHAH, LLP**
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501
Email: shaney@haneyshah.com
       kbaisch@haneyshah.com
       ghill@haneyshah.com

Attorneys for Plaintiff,
DAVID P. BIBIYAN dba
OWN THE AVENUE

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID P. BIBIYAN, an individual doing business as OWN THE AVENUE<br><br>Plaintiff,<br><br>v.<br><br>BOULEVARD LOS ANGELES, INC., a California corporation; AHMED ISSA, an individual; ABDULSALAM ISSA, an individual; and DOES 1 through 25, inclusive<br><br>Defendants. | **Case No.:** 8:24-cv-00405 JVS (DFMx)<br>Assigned to District Judge:<br>Hon. James V. Selna<br>Assigned to Magistrate Judge:<br>Hon. Douglas F. McCormick<br>Complaint Filed: February 27, 2024<br><br>1. **EX PARTE APPLICATION FOR**<br>   **A. TEMPORARY RESTRAINING ORDER; AND**<br>   **B. ORDER TO SHOW CAUSE RE ENTRY OF A PRELIMINARY INJUNCTION;**<br>2. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**<br>3. **DECLARATIONS OF DAVID BIBIYAN AND STEVEN H. HANEY IN SUPPORT THEREOF;**<br>4. **[PROPOSED] ORDER** (*Separately filed concurrently herewith*) |

1

EX PARTE APPLICATION FOR TRO AND OSC

TO THIS HONORABLE COURT AND DEFENDANTS BOULEVARD LOS ANGELES, INC., a California corporation; AHMED ISSA, an individual; ABDULSALAM ISSA, an individual:

PLEASE TAKE NOTICE THAT Plaintiff, DAVID P. BIBIYAN ("Plaintiff") an individual doing business as OWN THE AVENUE, comes now and applies ex parte parte for: (1) a Temporary Restraining Order ("TRO") to halt ongoing harm to Plaintiff caused by Defendants BOULEVARD LOS ANGELES, INC. ("Boulevard"), is a California Corporation, AHMED ISSA an individual, and ABDULSALAM ISSA an individual, (collectively "Defendants") by Defendants' persistent infringements on Plaintiffs' registered copyright and common law copyrights, and ongoing unfair competition pursuant to California Business & Professions Code §17200, and false advertising pursuant to California Business & Professions Code §17500; and (2) for the issuance of an Order to Show Cause re why a Preliminary Injunction Should Not be Entered and Remain in Place until Such Time may Adjudicate Whether a Permanent Injunction Should be Entered.

Injunctive relief is appropriate, just, and proper, in this case, pursuant to 17 U.S.C. §502, California Business & Professions Code §17203, California Business & Professions Code §17500, and California Code of Civil Procedure §526, because good cause exists for the entry of the requested Order and injunction. If Defendants are not restrained and enjoined, Plaintiff will suffer irreparable and immediate harm for which there is no adequate legal remedy, as Defendants already have advertised and sold products violating Plaintiff's copyrighted materials thereby infringing on Plaintiff's copyrights, engaging in unfair competition, and engaging in false advertising, which is ongoing and continuous, destroying Plaintiff's good will, reputation, and survival.

On March 1, 2024, at 9:00 a.m., Plaintiff gave ex parte notice to Defendants' attorney, Sharif Ahmed of Messner & Reeves, LLP, sahmed@messner.com, 7250 N. 16th Street, Suite 410, Phoenix, AZ 85020 (602) 635-2218, who has been representing Defendants during the attempts to cause the Defendants to cease in their misconduct.

(Declaration of Steven H. Haney, at ¶2.) As Plaintiff's counsel is aware that Defendants have been represented by Mr. Ahmed regarding this matter, the notice was sent directly to him, as opposed to his clients, in conformance with California Rule of Professional Conduct 4.2(a).

    This application is based upon this application, the memorandum of points and authorities and declarations of David P. Bibiyan and Steven H. Haney, and exhibits thereto, and such other matters as may be presented prior to or at the hearing.

Dated: March 1, 2024

HANEY & SHAH, LLP

By: /s/ Steven H. Haney
Steven H. Haney, Esq.
Kenneth W. Baisch, Esq.
George Hill, Esq.
Attorneys for Plaintiff,
DAVID P. BIBIYAN dba
OWN THE AVENUE

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION.

### A. The Parties

Plaintiff, DAVID P. BIBIYAN ("Plaintiff") is an individual, residing in Los Angeles, California, doing business as OWN THE AVENUE. (Declaration of Bibiyan, ¶2.) Since 2011, Plaintiff, doing business as Own The Avenue and owntheavenue.com, has sold merchandise, including license plate frames, license plate covers, stickers, and decals, over the internet and from his principal place of business at 2711 N. Sepulveda Blvd., # 1091 Manhattan Beach, CA 90266-2725. (Declaration of Bibiyan, ¶2.) The license plate frames, license plate covers, stickers, and decals contain original works of authorship including literary and artistic works, all created by Plaintiff and advertised on the internet by him on, among other websites, ebay.com and owntheavenue.com and have been and are in continuous use by him. (Declaration of Bibiyan, ¶2, 3.) Plaintiff's original works of authorship are copyrighted which copyright has been registered with the United States Copyright Office, Registration No. 2-379-026. As such, Plaintiff has the exclusive right to reproduce or adapt the work, to publicly display it, and to sell and distribute copies to the public. (Declaration of Bibiyan, ¶2-4.) Exhibit 1 is a true and correct copy of the Copyright Registration, along with a copy of the copyrighted works. (Declaration of Bibiyan, ¶4, and Exhibit 1 thereto.)

The Defendants Ahmed Issa, and Abdulsalam Issa, under the guise of and through the instrumentality of their corporate entity Boulevard Los Angeles, Inc., and each of them ("collectively, "Defendants"), are an Orange County, California based seller of license plate frames on the internet, with its own website. Plaintiff has never authorized Defendants to use in any way Plaintiff's original artwork or products. (Declaration of Bibiyan, ¶5.)

///

///

HANEY & SHAH LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

## B. <u>Defendant's Unlawful, Infringing Conduct</u>

Defendants, and each of them, have repeatedly copied the photographs and descriptive titles of Plaintiff's copyrighted material, and offered the stolen material for sale on the internet under their own names, at prices slightly lower than the prices offered by Plaintiff, thereby using illegal and unfair practices intentionally to injure Plaintiff. (Declaration of Bibiyan, ¶7.) Exhibit 2 is a true and correct comparison of the Plaintiff's copyrighted original works and products on which they are printed, along side copies of Defendants' infringing products, offered for sale by Defendants on the internet. (Declaration of Bibiyan, ¶7.)

On numerous occasions, Plaintiff has advised Defendants, and their attorney Sharif Ahmed after he said that he was representing Defendants, that Defendants were infringing on Plaintiff's copyrighted works, and requesting that they cease and desist. (Declaration of Bibiyan, ¶8, and Exhibit 3, true and correct copies of Plaintiff's emails.) Instead of stopping, Defendants amped up their infringing activities, and, through their lawyer, had the nerve to ask that Plaintiff cease and desist from "harassing" Defendants with threats to seek legal remedies. (Declaration of Bibiyan, ¶9, and Exhibit 4, a true and correct copy of the 1/9/24 letter.)

Despite Plaintiff advising Defendants of the protected nature of his materials, and numerous requests for them to cease and desist from stealing his copyrighted materials, Defendants continue to copy Plaintiff's original artwork and written materials, threatening Plaintiff's goodwill, reputation, and very livelihood. (Declaration of Bibiyan, ¶10.) Every time that Plaintiff posts a new original product for sale on the internet, shortly thereafter, he sees Defendants post the same product at a lower price on the internet. (Declaration of Bibiyan, ¶11.) While Plaintiff has reported some of the infringements to ebay.com, and as to those specific products ebay.com removed Defendants' infringing offering, Defendants have stolen hundreds of Plaintiff's protected works, and continues to sell Plaintiff's protected materials on various sites on the internet. (Declaration of Bibiyan, ¶11, and Exhibit 5, true and

HANEY & SHAH LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

correct copies of the notifications from ebay.com of the removals.)  Plaintiff has also reported some of the infringement to the United States Copyrights Claims Board; however, Defendants continue to engage in the infringement. (Declaration of Bibiyan, ¶11.)

Defendants' wrongful conduct continues to cost Plaintiff substantial revenue from customers who might otherwise purchase from Plaintiff, wrongfully believing that they can obtain the identical products offered by Plaintiff at a cheaper price from Defendants, also destroying Plaintiff's reputation and goodwill. (Declaration of Bibiyan, ¶12.) Defendants' misconduct has created a great deal of confusion among customers, with the inevitable continued confusion due to Defendants' use of Plaintiff's protected material. (Declaration of Bibiyan, ¶12.) As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer economic damage, damage to reputation, goodwill, as well as his personal, inalienable, moral rights of attribution and integrity. (Declaration of Bibiyan, ¶12, 13.) Plaintiff thus continues to suffer immediate and irreparable damages as to which there is no adequate remedy at law. (Declaration of Bibiyan, ¶12, 13.)

## 2. Injunctive Relief Is Necessary To Prevent Irreparable Harm.

### A. This Is The Correct Court To Issue The Injunction.

This Court has jurisdiction over Plaintiff's claims of copyright infringement pursuant to 28 U.S.C. §1338 and 17 U.S.C. §502(a) and has jurisdiction over the California unfair competition claims under California Business & Professions Code §§17200 and 17500, pursuant to 28 U.S.C. §1338(b) and 1367. Plaintiff is informed and believes that this Court has personal jurisdiction over the Defendants. Defendant Boulevard is a California corporation with its principal place of business within this judicial district. All Defendants have extensive contacts with and conduct extensive business within this judicial district. The tortious conduct complained of herein took place in California, and Defendants engaged in internet sales to numerous forum

residents, conducting business in the forum state through numerous contacts, and entering into specific dealings with forum residents. Further, venue is proper in the Central District of California, pursuant to 28 U.S.C. §1391. Defendant Boulevard is a California corporation with its principal place of business in this judicial district. Defendants Ahmed Issa and Abdulsalam Issa reside in, have extensive contacts with, and conduct business within this judicial district in the State of California. Further, the tortious conduct complained of herein took place in California, and Defendants engaged in internet sales to numerous forum residents, conducting business in the judicial district through numerous contacts, and entering into specific dealings with residents in this judicial district over the internet.

### B. This Court Has Authority To Issue An Injunction.

There is but one form of action in federal court. (Fed. R. Civ. Proc. 2.) Accordingly, federal courts have inherent equitable jurisdiction in actions properly before them. Subject to certain statutory limits, a federal court may issue an injunction in any case in which equitable relief is proper under the applicable substantive law. (*Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-312, 102 S.Ct. 1798, 1803, 72 21 L.Ed. 91, 98 (1982); *see also, United States v. Oakland Cannabis Buyer's Coop.*, 532 U.S.483, 495-496, 121 S.Ct.1711, 1720-1721, 149 L.Ed. 722, 734-735 (2001). Absent the "clearest command to the contrary" from Congress, federal courts retain equitable power to issue injunctions in any suit over which they have jurisdiction and in which equitable relief is otherwise proper. (*Califano v. Yamasaki,* 442 U.S. 682, 705, 99 S.Ct. 2545, 2559, 61 L.Ed. 176, 195 (1979).) Further, "[u]nless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jursdiction in equity, the full scope of that jurisdiction is to be recognized and applied." (*Weinberger v. Romero-Barcelo,* 456 U.S. 305, 313, 102 S.Ct. 1798, 1804, 72 L.Ed. 91, 99 (1982).)

In the present case, injunctive relief is specifically authorized under 17 U.S.C. §102, for Plaintiff's materials which are copyright protected, in accordance with the Copyright Act, as original literary and artistic works of authorship fixed in any tangible medium of expression, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. To establish copyright infringement, the plaintiff must prove two elements: (1) ownership of valid copyright, and (2) copying of constituent elements of the work that are original. (*Feist Publs., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 360, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991).) Here, Plaintiff has established his ownership of Pursuant to 17 U.S.C. §502, this Court is authorized to grant to Plaintiff temporary, preliminary, and permanent injunctive relief to prevent or restrain infringement of Plaintiff's copyright. Further, injunctive relief is authorized under California Bus. & Prof. Code §§17200, 17203, for unfair business practices, and California Bus. & Prof. Code §17500 for false advertising, as well as by California Code Civ. Proc. §526.

### C. Plaintiff Meets The Requirements For Injunctive Relief.

The basis for injunctive relief in the federal courts is irreparable injury and the inadequacy of legal remedies. (*Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S.Ct. 1798, 1803, 72 L.Ed. 91, 98 (1982).) In addition, to the likelihood of irreparable harm, and the inadequacy of legal remedies, in order to successfully apply for a TRO or preliminary injunction, the Plaintiff must show additional factors. A plaintiff must show (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm if the preliminary injunction (or TRO) is not granted; (3) that the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. (*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 375 (2008).)

   **1. Likelihood of Success on the Merits.**

Plaintiff has a registered copyright as to his original works. Under 17 U.S.C. §102, Plaintiff's materials are copyright protected, in accordance with the Copyright Act, as original literary and artistic works of authorship fixed in any tangible medium of expression (such as here, license plate frames, covers, stickers, and decals), from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Under 17 U.S.C. §501(a), "Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section 106A(a), … is an infringer of the copyright or right of the author, as the case may be." Under section 502(a), "Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Here, Defendants are in clear violation by copying Plaintiff's original, copyrighted material, and offering the same for sale to the public. Similarly, under California Business & Professions Code §§17200, 17203, 17500, for any act of unfair competition which includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Defendants' unauthorized use of Plaintiff's original, copyrighted designs is unlawful, unfair, and deceptive. As such Plaintiff's likelihood of success on the merits is substantial.

### 2. The Likelihood of Immediate, Irreparable Harm If Relief is Not Granted is Substantial.

If the TRO and Preliminary Injunction are not granted, there is no reason to believe that Defendants will cease their wrongful conduct directed at Plaintiff, his copyrighted materials and products using the same, his rights of publicity, goodwill, and professional reputation. Damages to the goodwill of a business are difficult to calculate, thus supporting a finding of irreparable harm. (*Rent-A-Center, Inc. v.*

*Canyon Television and Appliance*, 944 F.2d 597, 603 (9th Cir. 1991).) This applies to prospective, as well as existing, good will. (*Tom Doherty Assocs. v. Saban Entertainment, Inc.*, 60 F.3d 27, 37 (2d Cir. 1995).) Similarly, injury to one's professional reputation has been held to establish irreparable harm. (*Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).) Each of these is present in the case at bar. In addition, Defendants have exhibited extreme bad faith in ignoring Plaintiff's numerous attempts to resolve this matter extrajudicially through the use of cease and desist emails, both to Defendants and to their lawyer.

This pattern and practice of wrongdoing by Defendants has harmed, and will continue to irreparably harm Plaintiff's own efforts to promote his products, through the rightful use of his own copyrighted material and publicity rights. Further, if Defendants are not restrained and enjoined, Plaintiff will suffer irreparable and immediate harm for which there is no adequate legal remedy, as Defendants already have advertised their infringing products worldwide on the internet using Plaintiff's copyrighted material.

### 3. Inadequacy of Legal Remedies.

Monetary damages alone cannot compensate Plaintiff for the harm that he has suffered due to the Defendants' wrongful acts. Defendants' pattern and practice of wrongful conduct as described herein must cease if Plaintiff is to be able to salvage his good name, goodwill, reputation, and the value of his rights of publicity.

### 4. Balance Of Equities

Plaintiff has consistently played by the rules, developed his own artwork and materials, displayed them on his own products, which he in turn offered for sale and sold on the internet. Defendants, on the other hand, are lazily and fraudulently ripping off Plaintiff's original works, copying them off the Plaintiff's internet postings, and then offering to sell them a lower prices on the internet, deceiving and confusing the public and consumers into falsely believing that they are purchasing original products from Defendants. Clear evidence of this is the short time after Plaintiff posts a new

product that Defendants copy Plaintiff's original, and advertise it on their website or other websites at a lower price. (Declaration of Bibiyan, ¶11.) The balance of equities is clearly in Plaintiff's favor.

### 5. Public Interest.

As explained by the Supreme Court, the protection of original works of art is in the public interest:

> The limited scope of the copyright holder's statutory monopoly, like the limited copyright duration required by the Constitution, reflects a balance of competing claims upon the public interest: Creative work is to be encouraged and rewarded, but private motivation must ultimately serve the cause of promoting broad public availability of literature, music, and the other arts. The immediate effect of our copyright law is to secure a fair return for an 'author's' creative labor. But the ultimate aim is, by this incentive, to stimulate artistic creativity for the general public good. 'The sole interest of the United States and the primary object in conferring the monopoly,' this Court has said, 'lie in the general benefits derived by the public from the labors of authors.' Fox Film Corp. v. Doyal, 286 U.S. 123, 127 [52 S.Ct. 546, 547, 76 L.Ed. 1010]. See Kendall v. Winsor, 21 How. 322, 327–328 [16 L.Ed. 165]; Grant v. Raymond, 6 Pet. 218, 241–242 [8 L.Ed. 376].

(*Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 431-432, 104 S.Ct. 77478 L.Ed.2d 574 (1984).) Clearly, any public interest in this case favors Plaintiff over the Defendants' efforts to steal Plaintiff's creative works.

### 3.  CONCLUSION AND PRAYER FOR RELIEF.

For the reasons articulated herein, Plaintiff respectfully requests the Court to issue the proposed TRO, enjoining Defendants from using the Plaintiff's copyrighted material, either on the internet or on products, or to promote, advertise, solicit, or sell to customers Defendants' goods infringing on Plaintiff's copyrighted works. The Plaintiff further requests the Court to direct Defendants to show cause why a

preliminary injunction should not issue. The compelling evidence of Defendants' wrongful and intentionally deceptive conduct in this case justifies the burden that a TRO would impose on Defendants. Absent such immediate relief, Defendants will continue their pattern and practice of such misconduct.

Dated: February 29, 2024

HANEY & SHAH, LLP

By: /s/
Steven H. Haney, Esq.
Kenneth W. Baisch, Esq.
Attorneys for Plaintiff, DAVID P. BIBIYAN dba OWN THE AVENUE

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1055 West Seventh Street, Suite 1950, Los Angeles, California 90017. On **March 1, 2024**, I caused to be served the foregoing document described as

1. **EX PARTE APPLICATION FOR**

   **A. TEMPORARY RESTRAINING ORDER; AND**

   **B. ORDER TO SHOW CAUSE RE ENTRY OF A PRELIMINARY INJUNCTION;**

2. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**

3. **DECLARATIONS OF DAVID BIBIYAN AND STEVEN H. HANEY IN SUPPORT THEREOF**

in this action as follows:

<u>*Attorney for the Defendants via Email and U.S. Mail*</u>

Sharif Ahmed
MESSNER & REEVES, LLP
7250 N. 16th Street, Suite 410
Phoenix, AZ 85020
(602) 635-2218
sahmed@messner.com

☒ BY MAIL AS FOLLOWS: By placing a true copy of the above-described document(s) enclosed in an envelope. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after service of deposit for mailing in affidavit.

☒ BY ELECTRONIC MAIL SERVICE: I caused such document to be delivered by electronic mail to the offices of the addressee.

Executed on **March 1, 2024**, at Los Angeles, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

| Rehevolew Shiao | /s/Rehevolew Shiao |
|---|---|
| Type or Print Name | Signature |