Steven H. Haney, SBN 121980
Kenneth W. Baisch, SBN 115404
George Hill, SBN 265228
**HANEY & SHAH, LLP**
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501
Email: shaney@haneyshah.com
       kbaisch@haneyshah.com
       ghill@haneyshah.com

Attorneys for Plaintiff,
DAVID P. BIBIYAN dba
OWN THE AVENUE

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID P. BIBIYAN, an individual doing business as OWN THE AVENUE<br><br>Plaintiff,<br><br>v.<br><br>BOULEVARD LOS ANGELES, INC., a California corporation; AHMED ISSA, an individual; ABDULSALAM ISSA, an individual; and DOES 1 through 25, inclusive<br><br>Defendants. | Case No. 8:24-cv-00405 JVS (DFMx)<br>Assigned to District Judge:<br>Hon. James V. Selna<br>Assigned to Magistrate Judge:<br>Hon. Douglas F. McCormick<br>Complaint Filed: February 27, 2024<br><br>**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1. **INFRINGEMENT OF COPYRIGHT IN VIOLATION OF 17 U.S.C. §501 et seq.;**<br>2. **COMMON LAW COPYRIGHT INFRINGEMENT;**<br>3. **UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200;**<br>4. **FALSE ADVERTISING IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17500;**<br>5. **UNJUST ENRICHMENT;**<br>6. **ACCOUNTING;**<br>7. **DECLARATORY RELIEF** |

**DEMAND FOR JURY TRIAL**

COMES NOW THE PLAINTIFF, DAVID P. BIBIYAN, AND ALLEGES AS FOLLOWS:

## THE PARTIES

1. Plaintiff, DAVID P. BIBIYAN ("Plaintiff") is an individual, residing in Los Angeles, California, doing business as OWN THE AVENUE.

2. Defendant BOULEVARD LOS ANGELES, INC. ("Boulevard"), is a California Corporation with its principal place of business in Anaheim, California.

3. Defendant AHMED ISSA is an individual, residing in the State of California, on information and belief within the County of Orange, and is the President of BOULEVARD.

4. Defendant ABDULSALAM ISSA is an individual, residing in the State of California, on information and belief within the County of Orange, and on information and belief, is an officer, director, and/or stockholder in BOULEVARD.

5. Defendants Boulevard, Ahmed Issa, and Abdulsalam Issa are collectively referred to herein as "Defendants."

6. The true names and capacities, whether individual, corporate, or otherwise, of Defendants Does 1-20 inclusive, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiffs' damages as herein alleged were proximately caused by those Defendants. At all times herein mentioned, Defendants Does 1-20 inclusive were the agents, servants, employees, or attorneys of their co-Defendants, and in doing the things hereinafter alleged, were acting within the course and copy of their authority as those

agents, servants, employees, or attorneys, and with the permission and consent of their co-Defendants.

7. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, each Defendant was the agent of the other Defendant, and in doing the things herein alleged, each Defendant was acting in the course and scope of such agency with the consent, notification, and permission of each of the other Defendant. Each Defendant ratified the actions of the other Defendants and named employees as alleged herein.

8. Plaintiff is informed and believe and thereon allege that Boulevard and Does 1-5, and each of them, were at all times relevant the alter ego corporations of Defendants Ahmed Issa and Abdulsalam Issa. Plaintiff is informed and believes and thereon alleges that Ahmed Issa and Abdulsalam Issa, at all times herein mentioned, dominated, influenced and controlled Boulevard and Does 1-5 and the officers thereof as well as the business, property, and affairs of each of said corporations, commingling funds and failing to recognize corporate formalities. Plaintiff is informed and believes and alleges thereon that Ahmed Issa and Abdulsalam Issa at all relevant times, dominated, influenced and controlled Boulevard, including its policies, business practices, finances, property, transactions and other affairs. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Boulevard and Does 1-5, were organized by Ahmed Issa and Abdulsalam Issa as a device to avoid individual liability and for the purpose of substituting financially irresponsible corporations in the place and stead of Ahmed Issa and Abdulsalam Issa. By virtue of the foregoing, adherence to the fiction of the separate corporate existence of Boulevard and Does 1-5 would, under the circumstances, sanction a fraud and promote injustice in that Plaintiff would be unable to realize upon any judgment in its favor.

9. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, there existed and now exists a unity of interest and ownership between

Boulevard and Ahmed Issa and Abdulsalam Issa, such the individuality, separateness, and distinct existence of Boulevard has ceased. Thus, Boulevard and Ahmed Issa and Abdulsalam Issa are considered one and the same.

10. Plaintiff is informed and believes, and thereon alleges, that at all relevant times related to this litigation, Boulevard has been and now is a mere shell and naked framework which Ahmed Issa and Abdulsalam Issa have used and/or use as a conduit for the conduct of their personal and/or ulterior business, financial gains, property and affairs.

11. Plaintiff is informed and believes, and thereon alleges, that Boulevard was organized by Ahmed Issa and Abdulsalam Issa as a device and instrumentality to avoid individual liability and for the purpose of substituting a financially irresponsible and unaccountable corporation in the place and stead of Ahmed Issa and Abdulsalam Issa.

12. By virtue and in view of the foregoing, Plaintiff is informed and believes that adherence to the fiction of the separate corporate existence of Boulevard would under the circumstances, promote injustice in that Plaintiff would be unable to realize upon any judgment in her favor.

13. Furthermore, Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto, Ahmed Issa and Abdulsalam Issa acted for Boulevard in connection with the conduct hereinafter alleged; and, further, that each of them performed the acts complained of herein and therefore fully liable for the acts of the other.

14. The foregoing alter ego allegations are hereby incorporated below within each and every cause of action alleging liability against Defendants.

## JURISDICTION AND VENUE

15. This Court has jurisdiction pursuant to 28 U.S.C. §1338 and 17 U.S.C. §502(a) and has jurisdiction over the California unfair competition claim pursuant to

4
FIRST AMENDED COMPLAINT FOR DAMAGES

28 U.S.C. §1338(b) and 1367. This Court has jurisdiction over the remainder of the state law claims pursuant to 28 U.S.C. §1367.

16. Plaintiff is informed and believes and thereon alleges that this Court has personal jurisdiction over Defendants. Defendant Boulevard is a California corporation with its principal place of business within this judicial district. All Defendants have extensive contacts with and conduct extensive business within this judicial district. The tortious conduct complained of herein took place in California, and Defendants engaged in internet sales to numerous forum residents, conducting business in the forum state through numerous contacts, and entering into specific dealings with forum residents. Further, venue is proper in the Central District of California, pursuant to 28 U.S.C. §1391. Defendant Boulevard is a California corporation with its principal place of business in this judicial district. Defendants Ahmed Issa and Abdulsalam Issa reside in, have extensive contacts with, and conduct business within this judicial district in the State of California. Further, the tortious conduct complained of herein took place in California, and Defendants engaged in internet sales to numerous forum residents, conducting business in the judicial district through numerous contacts, and entering into specific dealings with residents in this judicial district over the internet.

## FACTS COMMON TO ALL CAUSES OF ACTION

17. Since 2011, Plaintiff, doing business as Own The Avenue and owntheavenue.com, has sold merchandise, including license plate frames, license plate covers, stickers, and decals, over the internet and from his principal place of business at 2711 N. Sepulveda Blvd. # 1091 Manhattan Beach, CA 90266-2725.

18. The license plate frames, license plate covers, stickers, and decals contain original works of authorship including literary and artistic works, all created by Plaintiff and advertised on the internet by him on, posted on the company website owntheavenue.com, among other websites, and ebay.com, and are in continuous use by him.

19. Plaintiff's original works of authorship, including original photographs or pictorial works of Plaintiff's products, original descriptions or literary works of Plaintiff's products, and original artwork on or within Plaintiff's products, as published and reflected on his website, are copyrighted, which copyright has been registered with the United States Copyright Office, Registration No. 2-379-026. As such, Plaintiff has the exclusive right to reproduce or adapt the work, to publicly display it, and to sell and distribute copies to the public.

20. Notwithstanding Plaintiff's copyright to the above, within the last three years, Defendants, and each of them, have repeatedly copied the photographs and descriptive titles of Plaintiff's copyrighted material from Plaintiff's website that are substantially similar, and copied them onto Defendants' own website and other websites, used the materials in the photos and descriptions to aid in the reproduction of counterfeiting OwnTheAvenue.com's products on Defendants' own website and other websites, offered the stolen material for sale on the internet under their own name, at prices slightly lower than the prices offered by Plaintiff, thereby using illegal and unfair practices intentionally to injure Plaintiff.

21. Despite Plaintiff advising Defendants of the protected nature of his materials, and numerous requests for them to cease and desist from stealing his copyrighted materials, Defendants continue to copy Plaintiff's original artwork and written materials, threatening Plaintiff's very livelihood. Even after Plaintiff plastered his products with his logo to dissuade copying, Defendants have continued to steal Plaintiff's copyrighted materials, to Plaintiff's detriment. Every time that Plaintiff posts a new original product for sale on the website, shortly thereafter, Defendants post the same picture and/or description at a lower price.

22. Defendants' misconduct has created a great deal of confusion among customers, with the inevitable continued confusion due to Defendants' use of Plaintiff's protected material. Defendants' wrongful conduct has cost Plaintiff substantial revenue from customers who might otherwise purchase from Plaintiff,

1 wrongfully believing that they can obtain the identical products offered by Plaintiff at
2 a cheaper price from Defendants.

3   23.   As a direct and proximate result of Defendants' conduct, Plaintiff has
4 suffered economic damage, damage to reputation, goodwill, as well as his personal,
5 inalienable, moral rights of attribution and integrity.

## FIRST CAUSE OF ACTION
## INFRINGEMENT OF COPYRIGHT IN VIOLATION OF 17 U.S.C. §501 et seq.
### (Against All Defendants, and Does 1-20)

24.   Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 23 above as if fully stated herein.

25.   Under 17 U.S.C. §102, Plaintiff's materials are copyright protected, in accordance with the Copyright Act, as original literary and artistic works of authorship fixed in any tangible medium of expression, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.

26.   Under 17 U.S.C. §501, Defendants' conduct constitutes infringement of Plaintiff's copyright. Further, Defendants' infringement was committed willfully.

27.   As a result of Defendants' conduct, Plaintiff has been and continues to be injured as set forth in paragraph 23.

28.   Defendants have profited from their misconduct.

29.   Further, pursuant to 17 U.S.C. §502, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to prevent or restrain infringement of Plaintiff's copyright.

30.   Further, pursuant to 17 U.S.C. §503, the Court should order the destruction of all of Defendants' infringing products.

31.   Further, pursuant to 17 U.S.C. §504(b), Plaintiff is entitled to recover the actual damages suffered by him as a result of the infringement, and any profits of the

1 Defendants that are attributable to the infringement and are not taken into account in
2 computing the actual damages.

3     32. Alternatively, Plaintiff reserves the right to request statutory damages in
4 lieu of actual damages, pursuant to 17 U.S.C. §504(c).

5     33. In addition, Plaintiff has incurred reasonable costs and attorneys' fees,
6 which should be reimbursed by Defendants pursuant to 17 U.S.C. §505.

## SECOND CAUSE OF ACTION
## COMMON LAW COPYRIGHT INFRINGEMENT
### (Against All Defendants)

34. Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 23 above as if fully stated herein.

35. Plaintiff has common law rights to reproduce or adapt his original artwork and literary materials, to publicly display them, and to sell and distribute copies to the public, in California and nationwide.

36. Defendants' unauthorized use of Plaintiff's original artwork and literary materials to promote, advertise, market, and sell their own products, is in violation of Plaintiff's common law copyright rights, and has created and is likely to create confusion, deception, and mistake in the public as to the origin of Defendants' goods, or as to a connection or authorization from Plaintiff, causing immediate and irreparable harm to Plaintiff as to which there is no adequate remedy at law, requiring Plaintiff to resort to the common law of copyright infringement.

37. Defendants' infringement is intentional and willful, and has been done with the intention of trading upon the goodwill and reputation built up by Plaintiff.

38. Defendants have profited financially from their misconduct.

39. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered economic damage, damage to reputation, goodwill, as well as his personal, inalienable, moral rights of attribution and integrity.

40. As described above, Defendants' conduct in this regard was willful, wanton, malicious, and oppressive and Plaintiff is entitled to an award of exemplary and punitive damages pursuant to California Civil Code section 3294.

## THIRD CAUSE OF ACTION
## UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200
### (Against All Defendants)

41. Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 23 above as if fully stated herein.

42. Defendants' misconduct, including unauthorized use of Plaintiff's original artwork and literary materials to promote, advertise, market, and sell their own products, in an effort to encroach upon Plaintiff's business, constitutes unfair business practices in violation of California Business & Professions Code §17200, and Plaintiff is person who has suffered injury in fact and has lost money or property as a result of the unfair competition entitled to sue for damages therefor. Defendant's misconduct has created and is likely to create confusion, deception, and mistake in the public as to the origin of Defendants' goods, or as to a connection or authorization from Plaintiff.

43. Pursuant to California Business & Professions Code §17203, Plaintiff is entitled to injunctive relief to prevent the use or employment by Defendants of any practice which constitutes unfair competition, or as may be necessary to restore to Plaintiff any money or property, real or personal, which may have been acquired by means of such unfair competition.

44. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered economic damage, damage to reputation, goodwill, as well as his personal, inalienable, moral rights of attribution and integrity. Further, Plaintiff is entitled to injunctive relief because Plaintiff continues to suffer immediate and irreparable damages as to which there is no adequate remedy at law.

45. As described above, Defendants' conduct in this regard was willful, wanton, malicious, and oppressive and Plaintiff is entitled to an award of exemplary and punitive damages pursuant to California Civil Code section 3294.

46. Further, this action has resulted in the enforcement of an important right affecting the public interest. A significant benefit has been conferred on the general public or a large class of consumers. The necessity and financial burden of private enforcement are such as to make the award of attorneys' fees appropriate. The attorneys' fee should not in the interest of justice be paid out of the recovery, if any. Therefore, the Court should award attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

## FOURTH CAUSE OF ACTION
## FALSE ADVERTISING IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17500
### (Against All Defendants)

47. Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 23 above as if fully stated herein.

48. Defendants' misconduct through the use of Plaintiff's copyrighted original artwork and literary materials in commerce to advertise, market, promote, and sell Defendants' products over the internet, throughout the State of California, the United States, and abroad, constituting false advertising in violation of California Business & Professions Code §17500, et seq. Defendant's misconduct has created and is likely to create confusion, deception, and mistake in the public as to the origin of Defendants' goods, or as to a connection or authorization from Plaintiff, which is untrue and misleading, and which is known, or which by the exercise of reasonable care should be known by Defendants, to be untrue or misleading.

49. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered economic damage, damage to reputation, goodwill, as well as his personal, inalienable, moral rights of attribution and integrity. Further, Plaintiff is entitled to

injunctive relief because Plaintiff continues to suffer immediate and irreparable damages as to which there is no adequate remedy at law.

50. As described above, Defendants' conduct in this regard was willful, wanton, malicious, and oppressive and Plaintiff is entitled to an award of exemplary and punitive damages pursuant to California Civil Code section 3294.

51. Further, this action has resulted in the enforcement of an important right affecting the public interest. A significant benefit has been conferred on the general public or a large class of consumers. The necessity and financial burden of private enforcement are such as to make the award of attorneys' fees appropriate. The attorneys' fee should not in the interest of justice be paid out of the recovery, if any. Therefore, the Court should award attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT
## (Against All Defendants)

52. Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 23 above as if fully stated herein.

53. As a direct and proximate result of Defendants' misconduct, they have been unjustly enriched.

54. Specifically, Defendants received monetary remuneration through their pattern and practice of copyright infringement, unfair competition, and false advertising, at the expense of Plaintiff. This has resulted in Defendants' wrongful receipt of profits to the injury of Plaintiff.

55. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered economic damage, damage to reputation, goodwill, as well as his personal, inalienable, moral rights of attribution and integrity. Further, Plaintiff is entitled to injunctive relief because Plaintiff continues to suffer immediate and irreparable damages as to which there is no adequate remedy at law.

56. As described above, Defendants' conduct in this regard was willful, wanton, malicious, and oppressive and Plaintiff is entitled to an award of exemplary and punitive damages pursuant to California Civil Code section 3294.

## SIXTH CAUSE OF ACTION
## ACCOUNTING
### (Against All Defendants)

57. Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 23 above as if fully stated herein.

58. Defendants have received remuneration for sales of products and merchandise in violation of copyright law, through unfair competition, and through false advertising without the consent of Plaintiff but through the unauthorized use of Plaintiff's original artwork and literary material. Plaintiff is informed and believes that Defendants have realized a profit through their illegal misconduct; however, have not paid Plaintiff any share of such profit.

59. The exact nature and extent of such profit and revenue are unknown to Plaintiff without an accounting of the transactions thereof.

60. Plaintiff, as owner of the copyright to the original artwork and literary material, is entitled to an accounting.

## SEVENTH CAUSE OF ACTION
## DECLARATORY RELIEF
### (Against All Defendants)

61. Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 23 above as if fully stated herein.

62. A dispute has arisen between Plaintiff and Defendants with regard to the rights to the copyrighted material at issue herein and referred to above. Plaintiff claims that he owns all of the rights to the copyrighted material. Defendants apparently dispute this claim.

///

63. Plaintiff further contends that the Defendants' continued use of his copyrighted material constitutes copyright infringement, unfair competition, and false advertising.

64. An actual controversy exists between the parties regarding their respective rights and liability.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

1. For actual, compensatory, consequential, and incidental damages in an amount to be determined at trial, but in excess of the jurisdictional threshold of this court;

2. For a judgment declaring that Plaintiff is entitled to the sole and exclusive use of his original artwork and literary works;

3. For lost profits;

4. For disgorgement of profits and revenues;

5. For a temporary restraining order, preliminary injunction, and permanent injunction preventing, restraining, and enjoining Defendants, and each of them, and all their alter egos, agents, successors and assigns, and all other persons associated with them from using in any way Plaintiff's original copyrighted artwork and literary works;

6. For destruction of all products and merchandise in Defendants' possession, custody, or control which infringe on Plaintiff's copyrighted artwork or literary works;

7. For an accounting and award of profits to Plaintiff of all profits received by Defendants as a result of their engagement in copyright infringement, unfair competition, or false advertising;

8. For an award of all sums received by Defendants by reason of their unjust enrichment;

9. For an award of interest, including pre-judgment interest, at the legal rate;

10. For reasonable attorneys' fees pursuant to statute or any other authority;

11. For costs of suit incurred;

12. For punitive damages in an amount sufficient to punish Defendant and deter future misconduct;

13. For such other and further relief as this court may deem just and proper.

Dated: May 6, 2024                                   HANEY & SHAH, LLP

By: *Kenneth W. Baisch*
Steven H. Haney, Esq.
Kenneth W. Baisch, Esq.
George Hill, Esq.
Attorneys for Plaintiff,
DAVID P. BIBIYAN dba
OWN THE AVENUE

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this matter.

Dated: May 6, 2024

HANEY & SHAH, LLP

By: *Kenneth W. Baisch*
Steven H. Haney, Esq.
Kenneth W. Baisch, Esq.
George Hill, Esq.
Attorneys for Plaintiff,
DAVID P. BIBIYAN dba
OWN THE AVENUE

# VERIFICATION

I hereby swear and affirm under penalty of perjury under the laws of the United States and the State of California that the foregoing statements in this Complaint for Damages are true and correct to the best of my knowledge. Executed this 6th day of May, 2024 at Los Angeles, California.

*David Bibiyan*
DAVID BIBIYAN

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1055 West Seventh Street, Suite 1950, Los Angeles, California 90017. On **May 6, 2024**, I caused to be served the foregoing document described as **FIRST AMENDED COMPLAINT FOR DAMAGES** in this action as follows:

**_Attorneys for the Defendants_**
Sharif Ahmed
Isaac S. Crum
MESSNER & REEVES, LLP
7260 N. 16th Street, Suite 410
Phoenix, AZ 85020
(602) 635-2218
sahmed@messner.com
icrum@messner.com
aclaybon@messner.com

☐ BY MAIL AS FOLLOWS: By placing a true copy of the above-described document(s) enclosed in an envelope. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after service of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I caused the above-referenced document(s) to be delivered to the attached list of counsel at the indicated addresses.

☒ BY ELECTRONIC MAIL SERVICE: I caused such document to be delivered by electronic mail to the offices of the addressee.

Executed on **May 6, 2024**, at Los Angeles, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Paige DeWilde                    /s/Paige DeWilde
Type or Print Name                Signature

-1-
PROOF OF SERVICE